A. DeLissa, Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Railroads:** TRESPASS BY: IDENTITY OF PERSON, NOT OF NAME DETERMINES LIABILITY FOR. In an action to recover damages for entering and appropriating plaintiff's lots as depot grounds, the defense pleaded was that the alleged trespass was committed by the N. & M. Railway Company, a corporation still existing and fully organized, and the testimony showed that the N. & M. Co. was, in fact, the defendant under that name. *Held*, defendant is liable and the evidence does not present the case of one road aiding in the construction of another.

2. ———: FIRES SET OUT BY CONTRACTOR. In an action against a railroad company for setting out fire, the defense was that the fire was set out by a contractor not under the control of defendant, and this question was on sufficient evidence under proper instructions submitted to the jury and found against defendant, and the judgment should be affirmed.

*Appeal from the Barton Circuit Court.*—Hon. D. P. Stratton, Judge,

Affirmed.

*Adams & Buckner*, with *D. A. Harrison*, for the appellant.

(1) It was not competent to prove by general reputation the ownership of the railroad. *Railroad v. Smith*, 76 Ala. 572; *Armil v. Railroad*, 70 Iowa, 130; *Drake v. Railroad*, 70 Iowa, 59–62. (2) Neither was it competent to prove such ownership by the declarations of defendant's employes. *McDermot v. Railroad*, 73 Mo. 516; *Railroad v. School Dist.*, 96 Pa. St. 65. (3) Neither the defendant company, nor the Nevada and Minden Railroad Company are liable to plaintiff, by

reason of the fire.   The road was then in process of construction by an independent contractor, who was not under the control of either corporation.   *Eaton v. Railroad,* 59 Me. 520 ; *Hunt v. Railroad,* 51 Penn. St. 475 ; *Railroad v. Fitzsimmons,* 18 Kas. 34; *Steel v. Railroad,* 16 Com. Bench, 550.   (4)  This although they furnished implements and material for the work.   *Cunningham v. Railroad,* 51 Tex. 503, and cases cited in opinion of the court; *Railroad v. Grant,* 46 Ga. 417 ; *Floyd v. Railroad,* 8 Ind. 469.

*Thurman, Wray & Stephens,* and *Tucker, Cole & Dye,* for the respondent.

(1)  Defendant is liable for the value of the premises, appropriated to its use.   The testimony shows that from, and after, the completion of the road, defendant was operating the same, and in posession of the premises described in the second count in plaintiff's petition. There is no evidence that they had been condemned or paid for.   It is not necessary to show that defendant owned the road.   *Allen v. Railroad,* 84 Mo. 646 ; *Combs v. Smith,* 78 Mo. 32; *State ex rel. v. Schnaider,* 35 Mo. 385 ; *Barrett v. Donnelly,* 38 Mo. 492.   (2)  Possession and use of a railroad raised a presumption of ownership against the occupant.   *Railroad v. Mills,* 42 Ill. 407 ; *Railroad v. Arnold,* 49 Ill. 178.   Full and undoubted proof of the fact that defendant owned, or was operating the train, is not necessary, in cases of injuries caused by negligence.   *Railroad v. Knutson,* 69 Ill. 103.   (3) Plaintiff did not prove ownership by general reputation. The testimony and declarations given in evidence were competent to explain the possession of parties in charge of the property and doing the work.   *Burgert v. Burgert,* 59 Mo. 80 ; *Roebke v. Andrews,* 26 Mo. 317 ; *Kellogg v. Adams,* 51 Wis. 138 ; *Railroad v. Clark,* 68 Mo. 371 ; *Baker v. Railroad,* 57 Mo. 265 ; *Ring v. Bridge Co.,* 57 Mo. 496 ; *Hubbard v. Railroad,* 63 Mo. 68.   The badges worn by the officers, agents, employes,

and workmen on said road, were such as are required by law, and proof thereof, proper evidence tending to show the agency for and employment by defendant. R. S. Mo., sec. 794; *Hughes v. Railroad*, 36 N. Y. Sup. Ct. 222; *Hoffman v. Railroad*, 44 N. Y. Sup. Ct. 1; *Railroad v. Knutson*, 69 Ill. 103. (5) The court will take judicial notice of the fact that all railroads mark their engines and cars, and that ownership is indicated by such marks or brands, because it is a fact universally known. *Printing Co. v. Stahl*, 23 Mo. App. 451; *Holmes v. Harrington*, 20 Mo. App. 661. (6) The evidence showed that the engine and cars, used to construct and operate the road, were marked and branded as that of the defendant; that the parties in charge, constructing and operating the same, wore badges showing that they were defendant's employes; and that the road has always been operated, since completed, by defendant. The road from Nevada to Denison or Pedro, was not in process of construction when the fire occurred. It had been completed to the town of Denison or Pedro, over and through plaintiff's farm where the fire was set and meadow burned. The contractor and men at work, and in possession of the property and railroad, and constructing the said railroad, were employes and agents of defendant. The jury found as a question of fact, properly submitted to them, that the fire occurred June 10, 1886, after the road was completed to Denison or Pedro, while the railroad, and engine thereon, was being operated by defendant's agents and employes. Appellants are in error in assuming that Bagnell was an independent contractor. McLaughlin, chief engineer of the defendant, had charge of the work, and the contractor was under his supervision, and the material was furnished and paid for by defendant. In such a case defendant is liable. 1 Rorer on Railroads, page 468, section 13, and authorities cited and notes to said section; *Railroad v. Hanning*, 15 Wall. 649; *Robbins v. Chicago*, 4 Wall. 679; *Williams v. Fischer*, 30 Mo.

198.  (7)  Plaintiff made out a *prima facie* case of neg-
ligence against defendant, and there was no evidence to
rebut it.  *Kinney v. Railroad*, 70 Mo. 243; *Sappington
v. Railroad*, 14 Mo. App. 86

ELLISON, J.—The plaintiff's cause of action as
stated in the second count of his petition, and upon which
a recovery was had, is based upon the entry upon, and
appropriation of certain lots by defendant railway com-
pany, in the year 1886, situated in the town of North
Denison, in Barton county, Missouri, by locating and
building its railroad through and over the same, and
occupying the same for a depot and grounds.

It charges that the defendant is the owner of a line
of railroad from Nevada city, in Vernon county, to Min-
den, in Barton conuty.

The third count of the petition, upon which also a
recovery was had, charges that on the tenth day of
June, 1886, defendant, by its agents and employes,
while operating a line of railroad from Nevada City to
Minden, negligently permitted fire to escape from a
locomotive engine and set fire to plaintiff's meadow,
whereby he was damaged.

The answer of defendant was a general denial, and
further averred that the corporation that built and
owned the railroad, which was built over the lands, in
the second count described, was not the defendant; but
was the Nevada and Minden Railway Company, a cor-
poration existing and created under and by virtue of the
laws of Missouri, and that it is still existing and fully
organized.

The answer to the third count averred that the fire,
which destroyed plaintiff's property, was set out by
the contractor of the Nevada and Minden Railway, and
not by defendant.

The reply in effect charges, that if said railroad was
built in the name of the Nevada and Minden Railway,

it was so built by the agents and employes of defendant, and with its money, and is now the property of defendant

It is wholly unnecessary to consider any of the points presented by the parties to this cause for the reason that it appears by the testimony mainly of defendant's chief officers ; testimony, too, introduced by defendant, that the Nevada and Minden railroad was in fact the Missouri Pacific Railway under that name. The name, Nevada and Minden, was a mere pseudonym. The road was constructed for defendant, and by defendant, and paid for with its money. It has always been in possession of defendant and is now. It has always been solely operated by defendant and is now. It appropriated plaintiff's property and when sued for the trespass it, in effect, says this : That it committed the act, but did it under an assumed name. John Smith's trespass could as well be excused under the plea that while committing it, he was calling himself John Jones. The evidence does not present a case of one road aiding in the construction of another, in which the officers and stockholders of one were the officers and stockholders of the other.

The contention of defendant as to the third count is that the fire was set by a train being operated by the contractor who had the contract for the construction of the road, and before it was turned over to the company, said contractor and train not being under the control or supervision of defendant. This question was submitted to the jury under proper instruction and found against defendant. There was evidence sufficient to justify its submission.

We will affirm the judgment